# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Cornell J. Wigfall, Sr. ) <br> a/k/a Cornell Wigfall, #2022081307, ) <br> a/k/a Cornell Jermaine Wigfall, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> James C. White, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:23-cv-05980-TMC <br><br> **ORDER** |

Plaintiff Cornell J. Wigfall, Sr., a federal prisoner proceeding *pro se* and *in forma pauperis*, (ECF Nos. 14), filed this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390 (1971), (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's report and recommendation ("Report"), recommending that the court dismiss this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) with prejudice, without leave to amend, and without issuance and service of process. (ECF No. 15).[1] Plaintiff filed objections to the Report, (ECF No. 17), and this matter is ripe for review.

---

[1] The court must dismiss a complaint filed *in forma pauperis* "at any time" if the court determines that the complaint "is frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief[,]" 28 U.S.C. § 1915(e)(2)(B). And, under 28 U.S.C. § 1915A, even when a prisoner is not proceeding *in forma pauperis*, the court is required to conduct an early screening of a lawsuit where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and identify cognizable claims or dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim

1

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report *to which a specific objection* is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

---

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(a)–(b).

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

As outlined in the Report, Plaintiff brought this action against Defendant James C. White, a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), alleging various constitutional violations. (ECF No. 1). Briefly, Plaintiff contends that in 2019, Defendant was inspecting inbound parcels at a FedEx Center when he observed a suspicious package and conducted a K9 sniff test. (ECF No. 1 at 4). The K9 alerted to the package, and agents obtained a search warrant, opened the package, and found illegal narcotics. *Id.*[2] Plaintiff contends it was

---

[2] In the related criminal case, the presentence investigation report, which was adopted by the sentencing court without change, indicated that after the K9 alerted to narcotics in the package the agents obtained a search warrant and located the drugs. *See United States v. Cornell Jermaine Wigfall*, No. 2:19-cr-01031-BHH, dkt. entries 180 at 8, 186 at 1 (D.S.C.); *see also, e.g., Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239

later discovered that Defendant received a tip from someone in California about the package the day before. *Id*. Plaintiff avers he was "arrested in 2021 for a federal warrant from this previous 2019 encounter." *Id*. Plaintiff notes that upon reviewing the K9 log that was entered into evidence in his related criminal case, his attorney noticed the font on the page of the K9 log that was supposedly related to the incident was different than the font on other K9 logs, the dates were wrong in numerous places, Defendant's story differed, and metadata showed the document was created two years after the incident. *Id*. at 4–5.

Although Plaintiff brought this action pursuant to *Bivens* and § 1983, the magistrate judge correctly analyzed the case under *Bivens* because Defendant, who was acting as a TFO with the DEA, acted under color of federal law, not state law.³ (ECF No. 15 at 3 (citing *Deavers v. Martin*, 629 F.Supp.3d 389, 399 (S.D.W. Va. 2022)). The magistrate judge indicated Plaintiff's "focus is not on the actual search but the discovery given to his attorneys of the K9 logging[,]" and the magistrate judge found as follows:

> *Bivens* "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *Bivens* claims are available on very limited grounds. Violations of the Fourth, Fifth, and Eighth Amendments only in certain contexts are cognizable claims under the expansion of *Bivens*. *See Carlson v. Green*. 446 U.S. 14 (1980), *Davis v. Passman*, 442 U.S. 228 (1979); *Ziglar v. Abassi*, [582 U.S. 120, 135–36] (2017); *see also Egbert v. Boule*, 142 S.Ct. 1793, 1799 (2022) (stating a claim under *Bivens* is highly in doubt).
>
> In a Fourth Circuit case where a plaintiff alleged that investigators falsified an affidavit and falsified evidence that supported the warrant, there was no available *Bivens* remedy. *Annappareddy v.*

---

(4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records" (internal quotation marks omitted)).
³ In his objections, Plaintiff agrees that "Defendant acted under color of federal law, not state law." (ECF No. 17 at 1).

4

> *Pascale*, 996 F.3d 120, 135 (4th Cir. 2021). "What *Bivens* involved was the Fourth Amendment right to be free of unreasonable warrantless searches and seizures; this case, by contrast, involves searches and a seizure conducted with a warrant. It thus implicates a distinct Fourth Amendment guarantee." *Id*. at 135. "[T]he 'right at issue' here is meaningfully different from the one at issue in *Bivens* itself." *Id*. at 136 (also discussing factors counseling hesitation to extend *Bivens*, noting there were statutory remedies allowing criminal defendants who prevailed against frivolous government positions to recover fees and providing a cause of action for wrongful convictions).
>
> Plaintiff has failed to state a cognizable *Bivens* claim upon which relief can be granted.

(ECF No. 15 at 4).

It appears as if the magistrate judge construed Plaintiff's claims as alleged violations of his Fourth Amendment right to be free from unreasonable search and seizure. In his objections, Plaintiff argues that Defendant entered the FedEx facility without a warrant, and the search occurred before the warrant was issued by the magistrate judge, so the "[a]ffidavit for the search warrant lacks probable cause." (ECF No. 17 at 2). As such, the court construes this objection as an objection to the magistrate judge's determination that this case is meaningfully different from *Bivens* because the search and seizure were conducted with a warrant. However, because it appears Defendant was working on parcel interdiction with FedEx, a warrant to enter the facility was not required. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990) (noting the prohibition of a warrantless entry does not apply "to situations in which voluntary consent has been obtained, either from the individual whose property is searched . . . or from a third party who possess common authority over the premises."). Furthermore, as noted, agents obtained a search warrant here after the K9 alerted to the presence of narcotics. *See United States v. Cornell Jermaine Wigfall*, No. 2:19-cr-01031-BHH, dkt. entries 180 at 8, 186 at 1 (D.S.C.).

To the extent Plaintiff contends falsified K9 logs were used to obtain the search warrant, the magistrate judge concluded, based on the Fourth Circuit's finding in *Annappareddy*, that because this claim "'involves searches and a seizure conducted with a warrant . . . [it] implicates a distinct Fourth Amendment guarantee'" such that the right at issue is "'meaningfully different from the one at issue in *Bivens* itself'" and factors counsel hesitation to extend *Bivens*. (ECF No. 15 at 4 (citing *Annappareddy*, 996 F.3d at 135–36). The court agrees. Based on the foregoing, Plaintiff's objections are overruled, and the court finds Plaintiff has failed to state a cognizable *Bivens* claim for a violation of the Fourth Amendment as related to the search and seizure of the package.

Although the magistrate judge focused on Plaintiff's Fourth Amendment claims related to the package, in his objections, Plaintiff also points to facts which he asserts support claims for violations of the Eighth Amendment, the Fourteenth Amendment, and the Sixteenth Amendment. (ECF No. 17).

As noted by the magistrate judge, courts have only allowed plaintiffs alleging certain Fourth, Fifth, and Eighth Amendment violations to proceed under *Bivens*. (ECF No. 15 at 4); *see Annappareddy*, 996 F.3d at 133. In determining whether a *Bivens* remedy is available, the court must (1) evaluate whether a given case presents a new *Bivens* context and (2) evaluate whether there are special factors counseling hesitation in the absence of affirmative action by Congress. *Annappareddy*, 996 F.3d at 133. "To present a new context, a radical difference is not required." *Id*. (internal quotations omitted), and the Supreme Court, "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 582 U.S. at 135.

In his objections, Plaintiff points to the allegedly falsified K9 log and contends his Sixteenth Amendment due process and just compensation rights were violated due to the

6

Defendant "trying to undermine the magistrate and the courts by submitting a false document into the Plaintiff's case as evidence." (ECF No. 17 at 3). However, because the Sixteenth Amendment deals with the power to lay and collect income tax, and Plaintiff has not made any allegations regarding income taxes, the court liberally construes this claim as made pursuant to the Due Process Clause and the Takings Clause of the Fifth Amendment. *See* U.S. Cons. Amends. V, XVI

The "Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'" *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 184 (2019) (quoting U.S. Const. amend. V). However, even assuming without deciding *Bivens* could be extended to cover such a claim, summary dismissal is appropriate because Plaintiff has not alleged any private property was taken and converted for public use.

As to Plaintiff's contention that his Fifth Amendment due process rights were violated as a result of the introduction of the allegedly falsified K9 log, such an argument was rejected in *Annappareddy*. In that case, the Fourth Circuit found that claims that federal investigators violated Fifth Amendment due process rights by fabricating evidence to secure a superseding indictment were not cognizable under *Bivens* because they (1) presented a new *Bivens* context[4] and (2) special factors counsel hesitation in extending the *Bivens* cause of action. *Annappareddy*, 996 F.3d at 134. The court finds that same reasoning applies here, and Plaintiff's claims brought pursuant to the Fifth Amendment are not cognizable and are subject to summary dismissal.

In his objections, Plaintiff contends his Eighth and Fourteenth Amendment rights were violated because he was manacled in front of his family and Defendant threatened to arrest

---

[4] The Fourth Circuit noted that although the "Supreme Court did recognize a *Bivens* cause of action in a Fifth Amendment equal protection case arising from alleged sex discrimination in federal employment," "*Bivens* has never been extended to a Fifth Amendment due process claim." *Annappareddy*, 996 F.3d at 134 (internal quotations omitted).

Plaintiff's family. (ECF No. 17 at 3). However, the Eighth Amendment's protections do not attach until after a conviction and sentence, so Plaintiff cannot state an Eighth Amendment claim for conduct related to his arrest. *Graham v. Connor*, 490 U.S. 386, 393 n. 6 (1989); *see also Lapp v. United States*, 706 F.Supp.3d 568, 576 (E.D. Va. Dec. 13, 2023) (indicating the Eighth Amendment applies when the alleged violation is to a convicted prisoner); *Broadus v. Oranfield*, No. 2:13-CV-01457-JAD, 2013 WL 5758059, at *2 (D. Nev. Oct. 23, 2013) (finding a plaintiff "cannot state an Eighth Amendment claim for conduct related to his arrest by [a d]efendant.").

Furthermore, because "[t]he Fourteenth Amendment is implicated only when there is State action[,]" *Rich v. United States*, 158 F.Supp.2d 619, 625 (D.Md. 2001), and Defendant was acting under color of federal law, any claims brought pursuant to the Fourteenth Amendment must be dismissed.

To the extent Plaintiff's claims related to his arrest could be brought pursuant to the Fourth Amendment, such a claim would raise a new *Bivens* context and special factors counsel against extending *Bivens* to this context. In *Orellana v. Godec*, the Fourth Circuit found that the existence of an arrest warrant made the plaintiff's Fourth Amendment claims a new *Bivens* context and found special factors counsel against extending *Bivens* into the new context. 145 F.4th 516, 526 (4th Cir. 2025) (noting "the right at issue in a warranted-seizure case is meaningfully different from the one at issue in a warrantless-seizure case" (internal quotations omitted)). Likewise, in this case, Plaintiff's arrest occurred pursuant to a federal arrest warrant. *See United States v. Cornell Jermaine Wigfall*, No. 2:19-cr-01031-BHH, dkt. entry 180 at 14 (D.S.C.). Like in *Orellana*, because this action presents a meaningful difference from *Bivens*, the court finds it presents a new context to which *Bivens* has not been extended. Furthermore, special factors exist requiring the court to hesitate before extending *Bivens* because extending

*Bivens* in this context exposes individual officers to personal liability and the burdens of litigation, which could hinder both the Government's ability to attract and retain quality officers and the ability of such officers to perform their duties. *See Egbert v. Boule*, 596 U.S. 482, 499 ("Recognizing any new *Bivens* action entails substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties."). Congress is better suited to assess the consequences of such an extension. *See Orellana*, 145 F.4th at 526. Based on the foregoing, any Fourth Amendment claim related to Plaintiff's arrest is subject to summary dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections (ECF Nos. 17) are overruled. The court has reviewed the Report under the appropriate standard. The court agrees with and **ADOPTS as modified** the Report, (ECF No. 15), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 22, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.